IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JEFFREY S. JOHNSON, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:22-cv-105 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., | : | JUDGE WALTER H. RICE |
| Defendants. | : | |

DECISION AND ENTRY SUSTAINING DEFENDANT AVERITT EXPRESS, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. #12); DISMISSING COUNT V WITHOUT PREJUDICE; GRANTING PLAINTIFF 30 DAYS TO SEEK LEAVE TO FILE AMENDED COMPLAINT

While Jeffrey Johnson was walking across a parking lot in Vandalia, Ohio, he was struck by an automobile operated by an uninsured driver, Melissa St. Meyers. Because Johnson was working at the time of the accident, his employer, Averitt Express, Inc., paid $43,761.14 in workers' compensation benefits for Johnson's medical bills. Johnson also filed an uninsured/underinsured motorist claim with his insurer, State Farm Mutual Automobile Insurance Company. State Farm has paid only a portion of what Johnson claims he is owed under the terms of the policy.

On April 20, 2022, Johnson filed suit, alleging claims of negligence against St. Meyers, and claims of bad faith and breach of contract against State Farm.[1] He also asserted claims for declaratory judgment against State Farm and Averitt Express.[2] Doc. #1. This matter is currently before the Court on Defendant Averitt Express, Inc.'s Motion to Dismiss for Failure to State a Claim, Doc. #12.

The pending motion concerns Count 5 of the Complaint, in which Plaintiff seeks a declaratory judgment against Averitt Express. Therein, Plaintiff alleges that "Averitt Express is named as a party in this matter as a result of monies it has paid on behalf of Plaintiff." Doc. #1, PageID#4. He acknowledges that "Averitt Express may have a subrogated right to conditional reimbursement as a result of the aforementioned tortious misconduct." *Id.*[3] Plaintiff, however, "disputes and denies Averitt Express' right to recover, resulting in Averitt Express being an

---

[1] This Court's jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. Johnson is a resident of Georgia. St. Meyers is a resident of Ohio. State Farm is headquartered in Illinois, and Averitt Express is headquartered in Tennessee.

[2] The Declaratory Judgment Act provides as follows:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

[3] It is not clear whether the "aforementioned tortious misconduct" refers to State Farm's alleged bad faith, St. Meyers' negligence, or both.

adverse party to Plaintiff." *Id.* at PageID##4-5. He seeks a declaratory judgment "regarding the rights and duties of Plaintiff and Averitt Express, including a demand that Averitt Express takes nothing on its alleged subrogation claim." *Id.* at PageID#5.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

In its Motion to Dismiss, Averitt argues that Johnson has failed to allege facts that establish the existence of a justiciable controversy as required by the Declaratory Judgment Act, 28 U.S.C. § 2201. More specifically, Averitt argues that Plaintiff has failed to plead any facts explaining why he believes that Averitt is not entitled to reimbursement on the alleged subrogation claim. Averitt further argues that, even if the claim is sufficiently pled, it fails as a matter of law because

3

Tennessee law provides a statutory right to subrogation of workers' compensation benefits.

Plaintiff disagrees on both accounts. He maintains that his Complaint satisfies the notice pleading requirement of Fed. R. Civ. P. 8(a). In the alternative, he seeks leave to amend his Complaint. Doc. #13.

Having reviewed the Complaint, the pending motion and the parties' briefs, the Court agrees with Averitt that Count 5, as currently pled, fails to state a claim upon which relief may be granted. Plaintiff alleges only that Averitt is his employer and that it paid him workers' compensation benefits. Moreover, Plaintiff explicitly acknowledges that Averitt may have a subrogated right to conditional reimbursement. Yet he completely fails to explain why he nevertheless disputes Averitt's right to recover.[4] Given that there are no facts alleged in the Complaint from which a determination could be made that Averitt is not entitled to any reimbursement, Plaintiff has failed to state a plausible claim for relief.

---

[4] In his Supplemental Memorandum, Doc. #20, Plaintiff notes that State Farm's insurance policy provides that it "will not pay under Uninsured Motor Vehicle Coverage any damages . . . that are paid or payable to or for the insured under any workers' compensation law." *See* Doc. #1, PageID#24. He argues that, because Averitt is unable to recover from the Uninsured Motorist provisions of the State Farm policy, Count 5 states a plausible claim for relief. Nevertheless, nothing in the Complaint itself refers to this policy provision or suggests that this is the reason why Averitt is not entitled to reimbursement.

For the reasons stated above, the Court SUSTAINS Averitt's Motion to Dismiss, Doc. #12, but DISMISSES Count 5 of the Complaint WITHOUT PREJUDICE.  Plaintiff may seek leave to file an Amended Complaint within 30 days of the date of this Decision and Entry if he can do so within the strictures of Fed. R. Civ. P. 11.

Date: December 15, 2022

*/s/ Walter H. Rice*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE